UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| FRANK GREENE, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | Case No. 2:15-cv-254-WTL-MJD |
| | ) | |
| DICK BROWN, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Discussing Petition for Writ of Habeas
Corpus and Denying Certificate of Appealability**

For the reasons explained in this Entry, the petition of Frank Greene for a writ of habeas

corpus must be **denied** and the action dismissed with prejudice. In addition, the court finds that

a certificate of appealability should not issue.

**I.  The Petition for Writ of Habeas Corpus**

**A. Background**

An Indiana jury convicted Frank Greene of Criminal Confinement, a Class B felony,

Criminal Confinement, a Class D felony, Intimidation, a Class D felony, and Domestic Battery, a

Class A misdemeanor. It also found Greene to be a Habitual Offender. Greene was sentenced to

an aggregate sentence of 50 years. These convictions were affirmed in *Greene v. State*, 915 N.E.2d

1049 (Ind.Ct.App. 2009), *decision clarified on reh'g,* 923 N.E.2d 29 (Ind.Ct.App. 2010). The trial

court's grant of Greene's petition for post-conviction relief as to the Class B felony criminal

conviction was reversed *State v. Greene*, 16 N.E.3d 416 (Ind. 2014). Greene now seeks a writ of

habeas corpus pursuant to 28 U.S.C. § 2254(a).

"In § 2254 proceedings, federal courts are foreclosed from fact-finding. We therefore defer

to the findings of the [state] court, which have not been challenged and are presumed to be correct

unless rebutted by clear and convincing evidence." *Jones v. Butler,* 778 F.3d 575, 578 (7th Cir.

2015) (citing 28 U.S.C. § 2254(e)(1) and *Harris v. Thompson,* 698 F.3d 609, 613 (7th Cir. 2012)).

A state court's factual finding is unreasonable only if it "ignores the clear and convincing weight

of the evidence." *Taylor v. Grounds,* 721 F.3d 809, 817 (7th Cir. 2013) (internal quotation marks

and citations omitted). Greene has not shown the factual findings of the Indiana state courts to be

unreasonable. The Court therefore looks to the summary of the evidence made in his direct appeal:

> In 2008, Brenda Johnson lived with Greene, her boyfriend, in Indianapolis.
> On Friday, November 15, 2008, Johnson and Greene began arguing at 8:00 a.m.,
> when Johnson intended to go buy dog food. When she attempted to leave, Greene
> grabbed her arm and throat and forced her into a bedroom, where he threw her on
> the bed. Greene took Johnson's cell phone.

> Several times, Johnson attempted to lift herself off of the bed, but Greene
> told her, "[b]itch, you are not leaving the house." Tr. p. 14. He threw her back down
> onto the bed each time she attempted to leave, at one point climbing on top of her
> and holding her on the bed with his knees. Greene held Johnson in the bedroom for
> most of the day. He even escorted her to the bathroom and sat on her lap while she
> used the facilities. Greene refused to allow Johnson to eat, though he forced her to
> prepare food for him that he ate in her presence.

> Johnson eventually slept. When she awoke on Saturday morning, she again
> attempted to leave the home. Greene still refused to allow her to leave, grabbing
> her, slapping her in the face several times, and kicking her. Then, Greene placed
> his hands around her throat and strangled her until she lost consciousness. When
> she regained consciousness, she was on the couch in the living room. Shortly
> thereafter, at approximately 1:00 a.m. on Sunday morning, the authorities arrived.
> Johnson had bruises on her face, neck, arms, and chest, and broken blood vessels
> on her neck.

*Greene v. State*, 915 N.E.2d 1049, *1 (Ind.Ct.App. 2009), *decision clarified on reh'g,* 923 N.E.2d 29 (Ind.Ct.App. 2010).

Greene now seeks a writ of habeas corpus, presenting the following claims: (a) the evidence was insufficient to support Greene's conviction for Class B felony criminal confinement; and (b) his trial and appellate counsel were ineffective.

### B. Applicable Law

A federal court may grant habeas relief only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a). Federal habeas review exists only "as 'a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal.'" *Woods v. Donald*, 135 S. Ct. 1372, 1376 (2015) (per curiam) (quoting *Harrington v. Richter*, 562 U.S. 86, 102–03 (2011)). Greene's habeas petition is governed by provisions of 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").

"By its terms § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2)." *Harrington,* 562 U.S. at 98. The three exceptions are: (1) the state court's decision was contrary to clearly established federal law; or (2) there was an unreasonable application of clearly established federal law; or (3) the decision was based on an unreasonable determination of the facts. *Id.* at 100 (citing 28 U.S.C. §§ 2254(d)(1), (2)); *see also O'Quinn v. Spiller*, 806 F.3d 974, 977 (7th Cir. 2015)("We ask only whether the [state court's] decision was 'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,' or 'was based on an unreasonable determination of facts in light of the evidence presented in the State court proceeding.'")(quoting 28 U.S.C. § 2254(d)(1), (2)).

Under the "unreasonable application" prong of the AEDPA standard, a habeas petitioner must demonstrate that although the state court identified the correct legal rule, it unreasonably applied the controlling law to the facts of the case. *Williams,* 529 U.S. at 407; *see also Badelle v. Correll,* 452 F.3d 648, 653 (7th Cir. 2006). The Seventh Circuit "has defined 'objectively unreasonable' as lying well outside the boundaries of permissible differences of opinion and will allow the state court's decision to stand if it is one of several equally plausible outcomes." *Burgess v. Watters,* 467 F.3d 676, 681 (7th Cir. 2006) (international citations and quotations omitted).

AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). The requirements of AEDPA "create an independent, high standard to be met before a federal court may issue a writ of habeas corpus to set aside state-court rulings." *Uttecht v. Brown,* 555 U.S. 1, 10 (2007) (citations omitted). "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' *Lindh v. Murphy*, 521 U.S. 320, 333 n.7 (1997), and 'demands that state-court decisions be given the benefit of the doubt,' *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (*per curiam*)." *Renico v. Lett*, 559 U.S. 766, 773 (2010).

In addition to the foregoing substantive standard, "[i]t is the rule in this country that assertions of error in criminal proceedings must first be raised in state court in order to form the basis for relief in habeas. Claims not so raised are considered defaulted." *Breard v. Greene,* 523 U.S. 371, 375 (1998) (citing *Wainwright v. Sykes,* 433 U.S. 72 (1977)).

> Procedural default can occur in several ways, "but two are paradigmatic." *Richardson v. Lemke*, 745 F.3d 258, 268 (7th Cir. 2014). A state prisoner can procedurally default a federal claim if he fails to "fairly present" it "throughout at least one complete round of state-court review, whether on direct appeal of his conviction or in post-conviction proceedings." *Id.* Procedural default can also occur if the state court rejects a federal claim based on a state procedural rule "that is both independent of the federal question and adequate to support the judgment." *Id.* (quotation marks omitted).

*Clemons v. Pfister,* 845 F.3d 816, 819 (7th Cir. 2017)(citing *Thomas v. Williams*, 822 F.3d 378, 384 (7th Cir. 2016)); *Hogan v. McBride,* 74 F.3d 144, 146 (7th Cir. 1996) ("Forfeiture under § 2254 is a question of a state's internal law: failure to present a claim at the time, and in the way, required by the state is an independent state ground of decision, barring review in federal court.").

Procedural default, although otherwise a bar to federal habeas review, may be excused in certain circumstances. "A federal court may excuse a procedural default if the habeas petitioner establishes that (1) there was good cause for the default and consequent prejudice, or (2) a fundamental miscarriage of justice would result if the defaulted claim is not heard." *Johnson v. Foster,* 786 F.3d 501, 504 (7th Cir. 2015)(internal citations omitted). "Under this cause-and-prejudice test, a cause is defined as 'an objective factor, external to the defense, that impeded the defendant's efforts to raise the claim in an earlier proceeding.' Prejudice means 'an error which so infected the entire trial that the resulting conviction violates due process.'" *Smith v. McKee*, 598 F.3d 374, 382 (7th Cir. 2010) (internal citation omitted).

The second exception, known as the fundamental miscarriage of justice exception, requires a petitioner to show that he is actually innocent. He must show that "in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell,* 547 U.S. 518, 537 (2006) (quoting *Schlup v. Delo,* 513 U.S. 298, 327 (1995)). Actual innocence means factual innocence, not legal insufficiency. *Bousley v. United States,* 523 U.S. 614, 623 (1998).

### C. Discussion

The first step under § 2254(d)(1) is "to identify the 'clearly established Federal law, as determined by the Supreme Court of the United States' that governs the habeas petitioner's

claims." *Marshall v. Rodgers,* 133 S. Ct. 1446, 1449 (2013) (citing *Williams v. Taylor,* 529 U.S. at 412; *Knowles v. Mirzayance,* 556 U.S. 111, 122 (2009)).

Greene's first habeas claim is his challenge to the sufficiency of the evidence as to the conviction for Criminal Confinement as a Class B felony. The controlling federal law on this subject is the "rigorous" standard set forth in *Jackson v. Virginia*, 443 U.S. 307, 319 (1979): "evidence, viewed in the light most favorable to the State, is sufficient to support a conviction so long as any rational trier of fact could find the essential elements of the offense to have been proved beyond a reasonable doubt." *Jones v. Butler*, 778 F.3d 575, 581 (7th Cir. 2015). Therefore, "[f]ederal review of these claims . . . turns on whether the state court provided fair process and engaged in reasoned, good-faith decisionmaking when applying *Jackson*'s 'no rational trier of fact' test." *Gomez v. Acevedo*, 106 F.3d 192, 199 (7th Cir. 1999). An important subsidiary point in this case is that this Court is not permitted to re-interpret state law.  *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.  In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.").

The Indiana Court of Appeals rejected this claim in Greene's direct appeal. The Indiana Supreme Court then addressed the evidence in acting on the State's appeal in the post-conviction appeal:

> At Greene's trial, Johnson testified that Greene strangled her unconscious while in their bedroom, and that she regained consciousness in their living room. *Greene v. State,* No. 49A05–0905–CR–250, Slip. op. at *1. Given this evidence, the jury could have reasonably inferred that Greene's act of force, strangulation, both facilitated his removal of Johnson from their bedroom to their living room and resulted in serious bodily injury to her. *See* Ind.Code § 35–31.5–2–292 (Supp. 2013) ("Serious bodily injury" includes bodily injury causing unconsciousness).

*State v. Greene*, 16 N.E.3d 416, 420 (Ind. 2014). This followed the Indiana Court of Appeals'

extensive discussion of the evidence and together show that the Indiana state courts engaged in

reasoned, good-faith decisionmaking when applying the *Jackson*-compatible standard to Greene's

challenge to the sufficiency of the evidence. This was an assessment of the evidence compatible

with the federal *Jackson* standard and was a reasonable applicable of that standard. And because

it was a reasonable application of the controlling federal standard, "[u]nder AEDPA . . . it cannot

be disturbed." *Hardy v. Cross,* 132 S. Ct. 490, 495 (2011).

      Greene's remaining habeas claim is that he was denied the effective assistance of counsel

both at trial and in his direct appeal. This claim is preserved for federal habeas review to the extent

that he had included supporting specifications it in his action for post-conviction relief. *See*

*Campbell v. Burris*, 515 F.3d 172, 185 (3d Cir. 2008) ("[I]neffective assistance of counsel claims

based on different acts or omissions are discrete claims and must each be exhausted."). "[T]o

preserve a claim of ineffective assistance of counsel, the habeas petitioner must assert this theory

of relief and transparently present the state courts with the specific acts or omissions of his lawyers

that resulted in prejudice." *Kelley v. Secretary for Dep't of Corrections*, 377 F.3d 1317, 1344 (11th

Cir. 2004).

      *Strickland v. Washington,* 466 U.S. 668, 684 (1984), supplies the clearly established

Federal law, as determined by the Supreme Court of the United States that governs a claim of

ineffective assistance of counsel.

> *Strickland* recognized that the Sixth Amendment's guarantee that "[i]n all criminal
> prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel
> for his defence" entails that defendants are entitled to be represented by an attorney
> who meets at least a minimal standard of competence. *Id.,* at 685–687. "Under
> *Strickland,* we first determine whether counsel's representation 'fell below an
> objective standard of reasonableness.' Then we ask whether 'there is a reasonable
> probability that, but for counsel's unprofessional errors, the result of the proceeding

would have been different.'" *Padilla v. Kentucky,* 559 U.S. 356, 366 (2010) (quoting *Strickland, supra,* at 688, 694).

*Hinton v. Alabama,* 134 S. Ct. 1081, 1087-88 (2014)(parallel citations omitted). The Supreme Court framed the determinative question as "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland,* 466 U.S. at 686. "A convicted defendant challenging counsel's effectiveness must satisfy both prongs of the well-known *Strickland* test: he must show that his attorney's representation was objectively deficient, and he must show that he was prejudiced by the substandard performance." *Bynum v. Lemmon*, 560 F.3d 678, 684 (7th Cir. 2009)(citing cases). A defendant's failure to satisfy either prong is fatal to his claim. *United States v. Slaughter,* 900 F.2d 1119, 1124 (7th Cir. 1990). "There is no need to discuss prejudice if counsel's performance was not deficient, and there is no need to evaluate counsel's performance if there was no prejudice resulting from counsel's actions." *Milone v. Camp,* 22 F.3d 693, 703-704 (7th Cir. 1994). Under AEDPA, moreover, this Court must give "double deference" to the state court's ruling on ineffective assistance of counsel claims because habeas review under AEDPA requires a habeas court to give the state court and the defense attorney the benefit of the doubt. *Woods v. Donald,* 135 S. Ct. 1372, 1376 (2015).

Greene argued that had counsel submitted *Long v. State,* 743 N.E.2d 253 (Ind. 2001), to their respective courts, he would have obtained, at worse, a conviction for class D felony criminal confinement. *State v. Greene*, 16 N.E.3d 416, 417 (Ind. 2014). The Indiana Supreme Court first recognized that the *Strickland* test governed its analysis. *Id.* at 418. It then examined whether *Long* and closely related precedent would have mandated a different result at trial. This "mandated" inquiry was related to the performance prong of *Strickland,* not to the prejudice prong.

We begin with the relevant statute. In *Long* and at the time Greene was convicted, Indiana's criminal confinement statute provided, in pertinent part, that:

(a) [a] person who knowingly or intentionally:
(1) confines another person without the other person's consent; or
(2) removes another person, by fraud, enticement, force, or threat of force, from one (1) place to another;
commits criminal confinement. Except as provided in subsection (b), the offense of criminal confinement is a Class D felony.
(b) The offense of criminal confinement defined in subsection (a) is:
. . .
(2) a Class B felony if it:
. . .
(B) results in serious bodily injury to a person other than the confining or removing person . . . .

Ind. Code § 35–42–3–3. Two distinct types of criminal confinement are encompassed: confinement by non-consensual restraint and confinement by forcible removal. *Kelly v. State,* 535 N.E.2d 140, 140–41 (Ind. 1989). Like Greene, Long was specifically charged with and convicted of confinement by forcible removal resulting in serious bodily injury. *Long,* 743 N.E.2d at 258.

Contending that his criminal confinement conviction should be reduced from a class B felony to a class D felony, Long insisted that although there was evidence that his victim Pamela Foddrill suffered fractured facial bones, there was no evidence that these injuries resulted from her being forcefully removed from one place to another. *Id.* at 259. Without such evidence, he reasoned, there was insufficient evidence to establish the serious bodily injury enhancement. *Id.* The State countered that "the jury could have inferred that Foddrill's injuries to her nose and eye socket were caused during her movement from one place to another" but did not identify any evidence as proof. *Id.* (quoting Appellee's Br. at 13). On review, we found that "the evidence was insufficient to establish that the conduct constituting *the charged offense* of criminal confinement resulted in serious bodily injury." *Id.* (emphasis added.)

Crucially, "the charged offense" was that (1) Long (2) knowingly or intentionally (3) removed the victim from one place to another (4) by force. Ind. Code § 35–42–3–3. At issue were elements three *and* four, and without identifying the circumstances under which Foddrill sustained facial fractures, the State could not establish beyond a reasonable doubt that Foddrill's serious bodily injury occurred *during* her forcible removal from one place to another. This was likely attributable to the facts of the case: Long and two others confined Foddrill for possibly longer than one week in an attic, and in the course of her captivity and murder, inflicted numerous injuries upon her. *Id.* at 260, 262. Under these circumstances, the State was likely unable to isolate precisely when Foddrill

sustained her fractures. Thus, the jury was unable to find that serious bodily injury resulted from her forcible removal.

But, factually, this case is different. At Greene's trial, Johnson testified that Greene strangled her unconscious while in their bedroom, and that she regained consciousness in their living room. *Greene v. State,* No. 49A05–0905–CR–250, Slip. op. at *1. Given this evidence, the jury could have reasonably inferred that Greene's act of force, strangulation, both facilitated his removal of Johnson from their bedroom to their living room and resulted in serious bodily injury to her. *See* Ind.Code § 35–31.5–2–292 (Supp. 2013) ("Serious bodily injury" includes bodily injury causing unconsciousness). Unlike in *Long,* the evidence here supported the State's contention that the defendant's knowing or intentional removal of the victim from one place to another by force resulted in serious bodily injury to the victim. Even if we were to set aside the factual distinctions between *Long* and Greene's case, we would still find that *Long* does not control, for in *Long* we held that the State did not establish beyond a reasonable doubt that the conduct constituting the charged offense of criminal confinement—a defendant's knowing or intentional forcible removal of the victim from one place to another—resulted in serious bodily injury to the victim. As such, contrary to Greene's claim, we did not "hold[ ] that for a defendant to be convicted of criminal confinement by removal as a Class B felony . . . the State was required to prove the charged 'serious bodily injury' was caused '*during* [the victim's] movement from one place to another.'" (Appellee's Br. at 11 (emphasis added).)

This is, at a minimum, an incomplete assessment of our holding in *Long,* for the conduct constituting the charged offense of criminal confinement includes a *forcible* removal, not just a removal, resulting in serious bodily injury. To be sure, there must be a temporal link between the inducement (here via force) and the removal so as to constitute one incident, but we do not interpret the relevant statutory language so narrowly as to require the serious bodily injury to be suffered by the victim during the actual act of removal from one place to another. Doing so would render the inducement, or "forcible," element meaningless. *See Spaulding v. Int'l Bakers Servs., Inc.,* 550 N.E.2d 307, 309 (Ind. 1990) ("Where possible, every word must be given effect and meaning, and no part is to be held meaningless if it can be reconciled with the rest of the statute." (internal citation omitted)). Instead, we give each word its plain meaning. Ind.Code § 1–1–4–1(1) (2005); *Naugle v. Beech Grove City Sch.,* 864 N.E.2d 1058, 1068 (Ind. 2007).

Moreover, force can be a conduit for removal. *See Carter v. State,* 766 N.E.2d 377, 380 (Ind. 2002) (sufficient evidence sustained two class B felony criminal confinement convictions where defendant and companions beat victims and forced victims to lead them to other locations). It would only be logical to hold that proof of the defendant's use of immobilizing, incapacitating, or sufficient force *in order to* move the victim that results in serious bodily injury to the victim sustains a conviction for class B felony criminal confinement. *See State v. Evans,* 810 N.E.2d 335, 337 (Ind. 2004) ("We presume the legislature intended logical

application of the language used in the statute, so as to avoid unjust or absurd results." (internal quotation omitted)).

So consequently *Long* requires us to determine whether the evidence the State offered at trial established beyond a reasonable doubt that Greene knowingly or intentionally forcibly removed Johnson from one place to another, with serious bodily injury to Johnson resulting. If Greene's interpretation of *Long* was accurate, then we would be required to consider whether his trial and appellate counsel rendered ineffective assistance by failing to direct their respective courts toward its allegedly dispositive holding. Yet as it was decided, *Long* does not control Greene's case. Ironically, in holding that *each* element of the charged offense of criminal confinement listed in Ind.Code § 35–42–3–3 must be supported by sufficient evidence in order for a conviction to stand, *Long* effectively vitiates Greene's claim for post-conviction relief, because his counsel cannot be faulted for not arguing what is not the law, as counsel for the State expressed during oral arguments.

*State v. Greene*, 16 N.E.3d 416, 419–21 (Ind. 2014)(footnotes omitted).

After further distinguishing *Long* and related cases, and based on that distinction, the Indiana Supreme Court explained that "the viability of Greene's ineffective assistance of counsel claim turns on the strength of his assessment of *Long,"* *id.* at 423, and that "[w]hat Greene argues his trial and appellate counsel should have argued, then, is not the law." *Id.* Greene's counsel were thus not ineffective by arguing an incorrect interpretation of the law. This conclusion was fully in accord with the understanding that "[i]t is not deficient performance to fail to raise an argument with no real chance of success." *Hough v. Anderson,* 272 F.3d 878, 898 n.8 (7th Cir. 2001). In examining a habeas petition such as Greene presents here, the Court is required to deny the writ so long as the [state courts] *"t[ook] the [constitutional standard] seriously and produce[d] an answer within the range of defensible positions." Murrell v. Frank,* 332 F.3d 1102, 1111–12 (7th Cir. 2003) (quoting *Mendiola v. Schomig,* 224 F.3d 589, 591 (7th Cir. 2000))(emphasis added in *Murrell*). Because the Indiana Supreme Court did so with respect to the performance prong of *Strickland,* Greene's claim of ineffective assistance of counsel does not support the habeas corpus relief he seeks.

### D.  Conclusion

A federal habeas court's role in reviewing state prisoner applications was modified by the

AEDPA "in order to prevent federal habeas 'retrials' and to ensure that state-court convictions

are given effect to the extent possible under law." *Bell v. Cone,* 535 U.S. 685, 693 (2002).

Having applied the appropriate standard of review, and having considered the pleadings

and the expanded record, Greene's petition for writ of habeas corpus must be denied.

Judgment consistent with this Entry shall now issue.

## II. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing*

*§ 2254 Proceedings*, and 28 U.S.C. § 2253(c), the Court finds that Greene has failed to show

that reasonable jurists would find "it debatable whether the petition states a valid claim of the

denial of a constitutional right." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court

therefore **denies** a certificate of appealability.

IT IS SO ORDERED.

Date:   3/14/17

Distribution:

Jesse R. Drum
INDIANA ATTORNEY GENERAL
jesse.drum@atg.in.gov

Kelly A. Loy
OFFICE OF THE INDIANA ATTORNEY GENERAL
kelly.loy@atg.in.gov

FRANK  GREENE
963055
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana